**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Willkie Farr & Gallagher LLP<br>1875 K St., N.W.<br>Washington, DC 20006<br><br>                    Plaintiff,<br><br>          v.<br><br>United States Department of Justice<br>Civil Division<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530<br><br>                    Defendant. | Case No.: _____ |

**COMPLAINT FOR VIOLATION OF THE
<u>FREEDOM OF INFORMATION ACT</u>**

**INTRODUCTION**

1. Plaintiff Willkie Farr & Gallagher LLP ("Willkie" or "Plaintiff") brings this action for relief under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to compel the Department of Justice (the "Agency" or "DOJ") to produce records, as required by law, relating to documents and communications exchanged between the DOJ and the U.S. District Court for the District of Delaware and its agents.

2. Plaintiff represents a party to a lawsuit involving the registration of a foreign judgment brought by Crystallex International Corporation. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-00151-LPS (D. Del. June 19, 2017) ("*Crystallex v. Venezuela*").

3. On April 19, 2023, Plaintiff properly submitted a targeted request to the Agency in accordance with FOIA and applicable DOJ regulations. Plaintiff requested records of documents and communications exchanged between the Agency and the U.S. District Court for the District of Delaware and its agents in connection with the aforementioned case, *Crystallex v. Venezuela* ("Plaintiff's Request" or the "Request").

4. The Agency's statutory deadline for making a determination concerning Plaintiff's Request has since expired.

5. To date, the Agency has not produced any documents, sought any extension, nor made a determination as to the Request.

6. The Agency's failure to act on the Request violates FOIA and DOJ FOIA Regulations. 5 U.S.C. §§ 552 (a)(6)(A)(i), (a)(6)(B)(i); 28 C.F.R. §§ 16.5, 16.6 (2023).

7. More than a decade ago, the President directed federal agencies to adopt a "presumption in favor of disclosure" and to respond to FOIA requests "promptly and in a spirit of

cooperation," so that "openness prevails." FOIA Pres. Mem., 74 Fed. Reg. 4683, 4683 (Jan. 21, 2009). The Agency has thus far disregarded this directive in failing to provide a determination or response to Plaintiff's Request within the time period required under the law.

8. Plaintiff has constructively exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i), and now seeks judicial relief compelling the Agency to promptly search for and produce the requested records, and enjoining any further improper withholding.

## JURISDICTION AND VENUE

9. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201(a), and 2202.

10. Venue lies in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

11. Plaintiff Willkie is a law firm with an office in Washington, D.C. Plaintiff submitted the FOIA Request identified in this Complaint.

12. Defendant DOJ is a department of the government of the United States of America and an "agency" of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The DOJ is believed to have possession, custody, and control of records responsive to Plaintiff's Request.

## FACTUAL ALLEGATIONS

**I. PLAINTIFF PROPERLY SUBMITTED A FOIA REQUEST FOR AGENCY RECORDS**

13. On April 19, 2023, Plaintiff properly submitted a targeted request to the Agency in accordance with FOIA and applicable Agency regulations, requesting "[a]ll documents and communications exchanged between the U.S. Department of Justice and the U.S. District Court for the District of Delaware, including its representatives, in connection with *Crystallex Int'l Corp.*

*v. Bolivarian Republic of Venezuela, et al.*, No. 1:17-mc-151-LPS (D. Del.) ('Crystallex')" between October 1, 2022, and April 19, 2023. Plaintiff added: "For the avoidance of doubt, representatives of the U.S. District Court for the District of Delaware include the Special Master in *Crystallex* and any representatives, advisors, and/or counsel of the Special Master." The Request is attached as **Exhibit 1**. As reflected in **Exhibit 1**, the request was received and sent to the Civil Division of the DOJ.

14. The Request was submitted to the Agency electronically via the National FOIA Portal (FOIA.gov), as directed on the Agency's FOIA website and regulations. *See Make A FOIA Request To DOJ,* U.S. DEPARTMENT OF JUSTICE, https://www.justice.gov/oip/make-foia-request-doj, attached as **Exhibit 2**; *see also* 28 C.F.R. § 16.3(a) (2023). The Request "reasonably describes" the records Plaintiff seeks and believes to be in the possession of the Agency as required by FOIA. 5 U.S.C. § 552(a)(3)(A)(i).

15. The Agency has not requested any additional information from Plaintiff, nor has the Agency sought any extension to the deadline to respond pursuant to FOIA.

16. Plaintiff has not received *any* correspondence or communication from the Agency. Accordingly, the Agency has failed to provide a determination or otherwise respond to Plaintiff's Request within the statutory period.

II. **THE AGENCY FAILED TO MAKE A DETERMINATION WITHIN FOIA'S TIME LIMITS FOR PLAINTIFF'S REQUEST, AND PLAINTIFF HAS CONSTRUCTIVELY EXHAUSTED ADMINISTRATIVE REMEDIES**

A. **The Agency Violated FOIA's Time Limits and Search Requirements**

17. Pursuant to 5 U.S.C. § 552(a)(3)(A) and (C), after receiving Plaintiff's Request, the Agency was required to search for responsive records, including making reasonable efforts to search for records in electronic format and to produce promptly the records it located. Furthermore, by law the Agency was required to respond to Plaintiff within 20 working days of

receiving the Request, unless within the 20 day period the Agency provided Plaintiff written notice that the Agency had determined that "unusual circumstances" applied and the Agency was thereby seeking an extension of no more than 10 working days.  5 U.S.C. § 552(a)(6)(A)(i), (B)(i); *see also* 28 C.F.R. § 16.5(c) (2023).  The Agency has not provided such notice.

18. Under 5 U.S.C. § 552(a)(6)(A)(i), a determination requires that the responding agency state which documents will be produced or withheld, provide reasons for any withholding, and inform a requestor of their appellate rights.  An agency that fails to do so has not made a determination as required by FOIA.  *See Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) (holding that "in order to make a 'determination' and thereby trigger the administrative exhaustion requirement, the agency must at least:  (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse.").

19. With respect to the Request, the Agency has not stated which documents will be produced or withheld, provided reasons for any withholding, nor informed Plaintiff of its appellate rights.  Thus, the Agency has not made a determination as required by FOIA.

20. Given that Plaintiff's Request was submitted on April 19, 2023, more than 30 working days ago, the Agency has since violated both the 20- and 30-working-day deadlines to provide a determination for the Request as required by FOIA.

21. The Agency's failure to make a determination or any production within the required time period violates 5 U.S.C. §§ 552(a)(6)(A)(i) and (B)(i), as well as the Agency's own FOIA regulations.  *See* 28 C.F.R. § 16.5 (2023).

4

**B.     Plaintiff Has Constructively Exhausted Administrative Remedies**

22.     Under 5 U.S.C. § 552(a)(6)(C)(i), a requester exhausts administrative remedies with respect to its request when an agency fails to comply with certain applicable time limit provisions. As stated above, the 20- and 30-working-day time limits for a determination have since expired, and Plaintiff is therefore "deemed to have exhausted administrative remedies" with respect to the foregoing FOIA violations. 5 U.S.C. § 552(a)(6)(C)(i); *see Citizens for Resp. & Ethics in Wash.*, 711 F.3d at 182 ("But if the agency has not issued its 'determination' within the required time period, the requester may bring suit directly in federal district court without exhausting administrative appeal remedies."). FOIA thus authorizes Plaintiff to bring suit in this District to compel prompt production and enjoin continued wrongful withholding of records responsive to the Request. 5 U.S.C. § 552(a)(4)(B).

23.     For the Request, the Agency has not stated which documents will be produced or withheld nor provided reasons for any withholding. Thus, the Agency has not made a determination within the applicable deadline as required by FOIA.

## CLAIMS FOR RELIEF

### COUNT ONE:  Failure to Comply with FOIA

24.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

25.     Plaintiff properly requested records within the possession, custody, and control of the Agency.

26.     The DOJ is an agency subject to FOIA.

27.     The Agency was required under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to Plaintiff's Request and make responsive records promptly available to Plaintiff.

28. The 20-working-day deadline under 5 U.S.C. § 552(a)(6) for the Agency to conduct such a search and to make a determination as to the Request, informing Plaintiff which documents the Agency intended to produce and withhold, and the reasons for withholding any documents, has expired.

29. The 30-working-day deadline under 5 U.S.C. § 552(a)(6)(B) for the Agency to conduct such a search and make a determination as to the Request has also expired.

30. The Agency has wrongfully failed to conduct such a search and to make and communicate to Plaintiff a determination as to the Request within the statutory deadline imposed by FOIA.

31. The Agency has additionally wrongfully failed to make records responsive to the Request promptly available to Plaintiff.

32. Plaintiff has exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

33. Plaintiff is entitled to an order compelling the Agency to conduct reasonable searches sufficient to locate records responsive to the Request and to produce expeditiously all responsive records, subject to withholdings agreed to by the parties or approved by this Court.

34. To facilitate determination of the validity of any withholdings based on FOIA exemptions that the Agency may ultimately assert, Plaintiff seeks an order compelling the Agency to produce indexes justifying redactions to or withholding of responsive records.

**COUNT TWO: Declaration Precluding Assessment of Fees**

35. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

36. The Agency has failed to comply with the statutory time limits under 5 U.S.C. § 552(a)(6) and the Agency's own FOIA regulations. *See* 28 C.F.R. § 16.5 (2023).

37. Accordingly, Plaintiff is entitled to a declaration that the Agency may not assess any search fees associated with Plaintiff's Request, pursuant to 5 U.S.C. § 552(a)(4)(A)(viii) and 28 U.S.C. § 2201(a).

## **PRAYER FOR RELIEF**

38. Plaintiff requests that the Court:

   a. Order the Agency to conduct expeditiously a reasonable search for all records responsive to Plaintiff's Request to the extent such a search has not already been conducted, and to demonstrate that they employed search methods reasonably likely to lead to the discovery of responsive records;

   b. Order the Agency to produce within twenty (20) days or such other time as the Court deems proper all records responsive to Plaintiff's Request that are subject to disclosure under FOIA, as agreed to by the parties or determined by the Court, and indexes justifying any withholdings or redactions;

   c. Declare that the Agency failed to comply with the time limits under 5 U.S.C. § 552(a)(6) and that search fees may not be assessed under 5 U.S.C. § 552(a)(4)(A)(viii) with respect to Plaintiff's Request; and

   d. Grant Plaintiff any other relief the Court deems just and proper.

Dated: June 2, 2023

                         Respectfully submitted,

                         <u>*/s/ Samuel G. Hall*</u>
                         Samuel G. Hall (D.C. Bar No. 242110)
                         Andrew B. English (D.C. Bar No. 1021498)
                         Willkie Farr & Gallagher LLP
                         1875 K Street, N.W.
                         Washington, D.C. 20006-1238
                         Tel: (202) 303-1000
                         Fax: (202) 303-2000
                         SHall@willkie.com
                         AEnglish@willkie.com

                         *Counsel for Plaintiff*